IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEE HUNT, as Personal Representative
of the ESTATE OF JAMES CHAVEZ,
deceased,

      Plaintiff,

v.                                                CIV 18-1006 JHR/KBM

THE UNITED STATES OF AMERICA,

      Defendant.

## **MEMORANDUM OPINION AND ORDER DENYING MOTION TO SEAL COURT RECORDS**

THIS MATTER is before the Court on Plaintiff's Motion to Seal Court Records *(Doc. 4)*. In this Federal Tort Claims Act (FTCA) medical malpractice action, Plaintiff contends that the United States is liable for the wrongful death of Decedent James Chavez. Plaintiff alleges that Chavez' death by suicide resulted from side effects of a new medication prescribed to him in association with mental health treatment provided at the Rio Rancho Family Health Center. Because the Complaint and likely future filings will contain descriptions of the deceased's mental and physical health information, Plaintiff opted to restrict access to the filed Complaint to only the participants in this lawsuit – a "case participants only" restriction in our Case Management/Electronic Case File System (CM/ECF).

Yet as the Sixth Circuit has observed, there is a "'strong presumption in favor of openness' regarding court records. In civil cases, as much as in criminal matters, '[t]he resolution of private disputes frequently involves issues and remedies affecting third

parties or the general public,' and secrecy serves only to 'insulate[ ] the participants, mask[ ] impropriety, obscur[e] incompetence, and conceal[ ] corruption.'" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 593 (6th Cir. 2016) (citing and quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Thus, as even Plaintiff acknowledges, "The party moving the court to seal the record(s) has the burden to demonstrate a 'significant interest that outweighs the presumption [of public access].'" *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

Indeed, because of this presumption for public access to filed documents, Court approval is required *before* restricting access to documents in a case file. The docket sheet reflects that Clerk's Office staff contacted Plaintiff's attorney to remind him of this requirement:

> **Responsibility.** CM/ECF allows for various levels of restricted access to documents filed with the Court. It is the Participant's duty to select the appropriate access restriction level for the document being filed. Participant must also ensure that permission of the Court to restrict access to the filing has been granted. Leave of Court is not required to file documents sealed or restricted under Fed. R. Civ. P. 5.2(f), Fed. R. Crim. P. 49.1(f) or statute.

CM/ECF Administrative Procedures Manual, §1(h)(1). Evidently in response to that reminder, Plaintiff now brings this Motion to Seal.

The Court has no doubt that a presumption for public access applies not only in theory but in fact here given the allegations of this Complaint. Plaintiff contends that federal mental health providers negligently ignored symptoms and risk factors associated with suicide ideation and prescribed Lamictal (Lamotrigine), a medication that allegedly increases suicidal thoughts and behaviors. Plaintiff also maintains that these actions and failure to adequately monitor Mr. Chavez thereafter resulted in his successful suicide attempt. Such allegations would be of

2

interest to the public, especially those with similar mental health issues contemplating use of that medication or having experienced negative experiences after such use. Public agencies, such as the Food and Drug Administration (FDA), would also potentially find such allegations and evidence relating to those allegations helpful to meeting their stated goals of protecting the public. If a case such as this remains sealed from view, the public loses potentially valuable information that could promote its general welfare. Thus, the presumption for allowing public access to the case file applies.

The Court agrees with Plaintiff, however, that some of the information contained in the Complaint and information likely contained in future filings, will contain sensitive health information protected from disclosure by New Mexico state law. *Doc. 4* at 2-3 (citing NMSA § 14-6-1(A), NMRA § 11-504(b) & NMSA § 14-2-1(A)(1)). The information may well also be protected under federal law, such as the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *See* 42 U.S.C. § 1320, *et seq.*; 4 No. 2 Guide Med. Privacy & HIPAA Newsl. 3, citing *Creely v. Genesis Health Ventures Inc.*, 04-CV-0679 (E.D. Pa., Dec. 17, 2004) (the HIPAA "privacy rule survives an individual's death"). The issue thus presented is whether Plaintiff has met his burden to overcome the presumption such that the Court should restrict public access to all, or some, of the filings in this matter.

The Court need not undertake a detailed analysis to what extent information provided in the Complaint is subject to protection as confidential health record, however. Even assuming the medical records fall within the protection from public disclosure provided by state and federal law generally, that protection can be waived where, as apparent here, a plaintiff has placed the medical condition at issue. *Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018) (citing *Kitchen v. Corizon Health*, Inc., 2017

WL 5197115 at *2, n.3 (W.D. Mich Nov. 10, 2017) ("Prisoners claiming deliberate indifference to serious medical needs place their medical condition and the medical care that they have received directly at issue and thereby waive whatever privileges or statutory protection the medical records may have previously enjoyed under HIPAA.")); *see also Simon v. Cook*, 261 F. App'x 873, 886 (6th Cir. 2008) (placing one's mental health at issue constitutes waiver of the privilege against disclosure of confidential communications between a licensed psychotherapist and her patient).

Because the alleged negligent conduct here is so intertwined with the deceased's mental health information and records, Plaintiff has waived any protection from public disclosure the law provides for the Complaint. Insofar as Plaintiff may seek to restrict public access to future filings, a motion should be filed (1) seeking prior approval for such restriction and (2) demonstrating adequate justification for closure from the public.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal Court Records *(Doc. 4)* is **denied,** and the Clerk is instructed to remove any case restriction for all documents that have been filed to date.

_____
UNITED STATES MAGISTRATE JUDGE